# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| TAMMIE HENDERSON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:16CV00850-JM-JJV |
| NANCY A. BERRYHILL, Acting | * |
| Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Tammie Henderson, has appealed the final decision of the Commissioner of the Social Security Administration[1] decision to deny her waiver of the overpayment of benefits she received from May 1, 2009 to December 31, 2009. (Tr. 13, 15.) The Administration determined Ms. Henderson had engaged in substantial work while receiving disability benefits. (*Id.*) At Ms.

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

Henderson's request, an Administrative Law Judge (ALJ) held a hearing on her requested waiver of the overpayment. (Tr. 13-16.) After receiving testimony from Ms. Henderson, the ALJ denied her request for a waiver. The Appeals Council denied Plaintiff's request for review (Tr. 2-4), making the ALJ's decision the final decision of the Commissioner.

On May 3, 2017, I afforded Ms. Henderson an opportunity to be heard on this issue. Ms. Henderson appeared in person and the Commissioner's counsel, Special Assistant United States Attorney Jonathan R. Clark, appeared by telephone.

The standard of review here is whether the Commissioner's decision is supported by substantial evidence on the record as a whole, and complies with the relevant legal requirements. *See Gladden v. Callahan*, 139 F.3d 1219, 1222 (8th Cir.1998) (ALJ's findings in an overpayment-recovery case should be affirmed if supported by substantial evidence on the record as a whole); *accord Coulston v. Apfel*, 224 F.3d 897, 901 (8th Cir.2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

When an individual seeks a waiver of overpayment recovery, she has the burden of proof. *Coulston*, 224 F.3d at 900. Ms. Henderson is entitled to a waiver only if she is "without fault" in causing the overpayment. 42 U.S.C. § 404(b). Fault includes the "[f]ailure to furnish information which [the overpaid individual] knew or should have known to be material." *Sipp v. Astrue*, 641 F.3d 975, 981 (8th Cir. 2011); *see also* 20 C.F.R. § 404.507(b).

After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff began receiving benefits in 1990. (Tr. 113.) In 1995, Ms. Henderson engaged in a trial work period. (Tr. 15.) The Social Security Administration defines a trial work period as a period during which a disabled person may test their ability to work and still be considered disabled. 20 C.F.R. § 404.1592. Ms. Henderson engaged in a trial work period from November 1995 through May 1999. (Tr. 15.) According to the ALJ, Ms. Henderson also received an extended period of eligibility from June 1999 to May 2002. (*Id.*, Tr. 81-82.)

But during the period of time in question, Ms. Henderson was not engaged in any trial work periods. And without the Social Security Administration's knowledge, Ms. Henderson began working at the Department of Veteran's Affairs in February 2009. Her work at the VA and elsewhere resulted in earning income in amounts that qualified as substantial gainful activity. Thus, her benefits were terminated from May 2009 to March 2011. (*Id.*) This initially resulted in an overpayment of $16,602.00. But when the Administration notified Ms. Henderson of her predicament, she applied for and received an expedited reinstatement of benefits with an onset date of January 1, 2010. This meant Ms. Henderson was only overpaid from May 1, 2009 to December 31, 2009 – reducing her liability to $6,112.47. (Tr. 15.) Additionally, she was approved due to financial hardship to pay only $50 per month toward her overpayment. (*Id.*) Ms. Henderson paid back a total of $1,450.00, and as of April 2014, she owed a balance of $4,662.47 – the amount presently in controversy.

At the administrative hearing, the ALJ stated, "For the year 2009 . . . It shows income in the amount of $11,870.02. . . So I think that's where in the year 2009 is where the big problem really occurred. . . ." (Tr. 112.) Importantly, by Ms. Henderson's own admission, she kept this

3

employment secret from the Social Security Administration. Ms. Henderson testified, "The reason I never reported it because I never worked long and I be like if I tell them they're going to cut my check off and I ain't even going to work that long, and I can't get it back." (Tr. 115-116.) She added, "So that was in my mind not to say nothing because I didn't want them to take my check because I don't be working that long." (Tr. 116.)

So the evidence reveals Ms. Henderson began working in February 2009, and from May 1, 2009 to March 1, 2011 – Ms. Henderson earned above the substantial gainful limit. (Tr. 15.) "Thus, the Social Security Administration found that [Ms. Henderson's] disability had ended and that she was not entitled to payments beginning in May 2009. (*Id*.)

Substantial evidence supports the ALJ's conclusion that Ms. Henderson is at fault here and is not entitled to a waiver of the overpayment. As the ALJ stated:

> At the hearing in this matter, the claimant admitted that she worked at times and did not report this work to the Social Security Administration. The claimant explained her reasoning for failing to report this work. Nonetheless, based on a review of the records and testimony, the undersigned finds that the claimant failed to report her changes in work activity while she was receiving benefits in 2009.
>
> It is noted by the field office that she failed to report her last five (5) employers. The claimant further testified at the hearing that she did "not" tell Social Security that she was working some jobs because she believed that if she did not make over the limit, it would have been a waste of time to cut off her benefits and then restart them again.
>
> The claimant admitted that in 2009, she worked at least nine (9) months at a job, but that was the longest period she had worked. Nevertheless, at that time, her earnings were above the substantial gainful activity level.

(Tr. 16.) And based on these findings, she correctly concluded, ". . . the claimant was aware of her reporting responsibilities . . . [and] knew her work activity might end her disability. Hence, the claimant was "at fault" and recovery of the overpayment cannot be waived." (*Id.*) I find no error in the ALJ's conclusion in this regard.

4

I have also considered Ms. Henderson's statement she was in the "Ticket-to-Work Program" allowing her to essentially make unlimited income without recourse. See 42 U.S.C. § 1320b-19; 20 C.F.R. §§ 411.100-411.730. This program could provide Ms. Henderson some protection because "Suspension of disability reviews" provides:

> During any period for which an individual is using, as defined by the Commissioner, a ticket to work and self-sufficiency issued under this section, the Commissioner (and any applicable State agency) may not initiate a continuing disability review or other review under section 421 of this title [42 U.S.C. § 421 ("Disability determinations") ] of whether the individual is or is not under a disability or a review under subchapter XVI of this chapter similar to any such review under section 421 of this title.

*Id*. at § 1320b-19(i).

I note that Ms. Henderson made this same argument to the ALJ, but the ALJ made no specific findings on this issue. However, I find no evidence to support Ms. Henderson's statement that she was actually participating in the "Ticket-to-Work Program." As previously stated, it was Plaintiff's burden to prove she was entitled to the requested waiver. This she has not done. Also, the program requires the Administration's involvement and Ms. Henderson – by her own admission – was working various jobs without the Social Security Administration's knowledge. Therefore, I find her claim without merit.

Plaintiff has made other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts the findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

Dated this 3rd day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE